IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THOMAS PETTIS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06cv3177 |
| | ) | |
| vs. | ) | ORDER ON INITIAL REVIEW |
| | ) | |
| DR. WILLIAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The court previously considered the plaintiff's Application for Leave to Proceed in Forma Pauperis ("IFP") filed while the plaintiff was a prisoner. Filing no. 6 indicates that the plaintiff has since been released from custody. A former prisoner, like the plaintiff, who is released from custody after filing a civil complaint must, when ordered to do so, file an Application for Leave to Proceed IFP based on the changed circumstances caused by release from prison. If IFP status is then granted, the plaintiff will be relieved of any remaining liability for the balance of the filing fee. Therefore, if the plaintiff wishes to pursue the above-entitled case which he filed while he was a prisoner, he must now file a new Application for Leave to Proceed IFP as a nonprisoner. See, e.g., McGann v. Comm'r, Social Security Admin., 96 F.3d 28, 30 (2d Cir. 1996) ("A released prisoner may litigate without further payment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners.").

In the alternative, the plaintiff may allow the above-entitled case to be dismissed without prejudice, and he may file a new case covering the same subject matter, but filed in his current status as a nonprisoner. A case brought as a prisoner is subject to the Prison Litigation Reform Act ("PLRA"), while a case brought by a nonprisoner is not subject to the PLRA, even if the subject matter is the same. For example, 42 U.S.C. § 1997e(a) of the PLRA requires exhaustion of administrative remedies (completion of the grievance process) before a prisoner files suit in federal court about conditions or events in prison. The plaintiff's current lawsuit may be subject to dismissal on the basis of 42 U.S.C. § 1997e(a), while the same action filed as a nonprisoner would not be. Also, nonprisoners who receive leave to proceed IFP have no obligation to pay any part of the filing fee.

The plaintiff complains of his medical care while in the custody of the Nebraska Department of Correctional Services ("DCS"). If the plaintiff continues to litigate the above-entitled case, the PLRA will also limit the recovery of damages for emotional distress. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." However, 42 U.S.C. § 1997e(e) does not apply to a case filed by a person released from prison, and, in

1

any event, § 1997e(e) does not require physical injury as a prerequisite for declaratory or injunctive relief or nominal and punitive damages.

This case is assigned to the docket of Chief Judge Joseph F. Bataillon. However, a Magistrate Judge may conduct initial review. Having reviewed the complaint, I find that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, the plaintiff may obtain service of process on the defendants, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will undertake service of process on the plaintiff's behalf, without cost to the plaintiff, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1. The Clerk of Court shall send the plaintiff an Application for Leave to Proceed IFP, and the plaintiff may return the completed form within 30 days of the date of this Order. In the alternative, the plaintiff may file a written dismissal of the above-entitled action *without prejudice* and, at any time within four years of the earliest date of the events described in the complaint, refile a new complaint as a nonprisoner together with a motion to proceed IFP.

2. If the plaintiff decides to continue with this case, the plaintiff must complete and return the forms for service of process which the Clerk of Court will provide. The Clerk of Court shall send TWO summons forms and TWO USM-285 forms to the plaintiff together with a copy of this Order.

3. The plaintiff shall, as soon as possible, send the completed summons and USM-285 forms back to the Clerk of Court. In the absence of the completed forms, service of process cannot occur. The plaintiff must provide an address for each party to be served. The U.S. Marshal and the court will not fill in a defendant's address on the forms. Only one defendant may be served by use of each form. Each defendant may be served at an address where the defendant can personally be found and will accept service of process himself/herself or through a person authorized to receive a summons on his or her behalf.

4. Upon receipt of the completed summons and USM-285 forms, the Clerk will sign each summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. The court will copy the complaint for the Marshal. The Marshal shall serve each summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

5. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

The plaintiff is hereby notified that failure to obtain service on a defendant within 90 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.

      6.      If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

      7.      After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

      8      The plaintiff shall include with each document submitted to the court a "**Certificate of Service**" stating the date a true and correct copy of such document was mailed to the defendants or to the attorney of any represented defendant. **If the plaintiff does not include a Certificate of Service indicating that a copy of a communication to the court has been sent to the other parties to the case, the court will issue a Notice of Deficiency and might strike the plaintiff's communication from the record.**

      9.      A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint. After a defendant enters an appearance, the plaintiff may begin discovery. The rules regarding written discovery are attached to this Order.

      10.      The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

      11.      The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

      12.      IMPORTANT NOTE: **Any pleading, letter or motion filed by the plaintiff with the court must bear the plaintiff's original signature.**

      DATED this 28th day of September, 2006.

                                  BY THE COURT:

                                  s/ F. A. GOSSETT
                                  United States Magistrate Judge

INSTRUCTIONS: SUMMONS FORMS AND FORMS 285
for plaintiffs proceeding pro se and in forma pauperis

1.  A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint.

2.  A form USM-285 ("form 285") provides directions to the U.S. Marshal as to whom to serve with process and where to serve the defendant(s).  The U.S. Marshal serves the defendant(s) without cost to you because you are proceeding in forma pauperis ("IFP").

3.  Do not copy your complaint to attach to the summons; the court will do that for you.

4.  You may serve only defendant(s) named in the case caption of the complaint.  If you want to serve additional defendant(s), you must move for leave to amend the complaint to add the additional defendant(s) to the case caption.

5.  Be sure to print your case number on all forms.

6.  You must give an address for the party to be served.  The U.S. Marshal will not know a defendant's address.

7.  Where a summons form states:  "You are hereby summoned and required to serve on plaintiff's attorney" print your name and address.

8.  Where a form 285 states:  "send notice of service copy to requestor at name and address" print your name and address.

9.  Where a form 285 calls for "signature of attorney or other originator" provide your signature and date the form.

10. Leave the last part of the summons form blank.  The court will fill in the number of days in which the defendant must answer, and the court will sign and date the form.