IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THOMAS PETTIS, | ) | 4:06CV3177 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DR. J. WILLIAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon a second motion for leave to proceed in forma pauperis (filing 8) and the defendants' motion to dismiss (filing 13).  For the reasons stated below, I will grant the motion to proceed in forma pauperis and deny the motion to dismiss.

*Leave to Proceed In Forma Pauperis*

The plaintiff was a prisoner when he filed this action, and was granted leave to proceed in forma pauperis ("IFP").  (Filing 5.)  Later, the plaintiff notified the court that he was released from custody.  Then, in a September 28, 2006 order, the court ordered the plaintiff to submit another application to proceed in forma pauperis or to seek dismissal of the case without prejudice.  (Filing 7.)  The plaintiff has responded to the court's September 28, 2006 order.  Upon review of the record, the new motion for leave to proceed IFP (filing 8) is granted, and the plaintiff is relieved of any liability for the unpaid balance of the filing fee.  *See*, *e.g.*, *McGann v. Comm'r, Social Security Admin.*, 96 F.3d 28, 30 (2d Cir. 1996) ("A released prisoner may litigate without further payment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners.").

*Motion to Dismiss*

The defendants have filed a motion to dismiss the complaint for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), in part based on their understanding that the complaint asserts a negligence claim. (Filing 14.) The complaint was submitted on a form captioned "Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." (Filing 1.) It recounts detailed allegations regarding medical treatment of the plaintiff while incarcerated. "[D]eliberate indifference to serious medical needs" of a prisoner violates the Eighth Amendment prohibition against cruel and unusual punishment." *Estelle v. Gamble*, 429 U.S. 97, 102-05 (1976). As the complaint states that it is brought pursuant to section 1983 and contains factual allegations relevant to a section 1983 claim, I consider the complaint to assert a section 1983 claim for purposes of the Rule 12(b)(1) motion. This court has subject matter jurisdiction over section 1983 claims. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States.").

Although the motion to dismiss states that it was brought pursuant to Rule 12(b)(1), defendants' argument is basically that the complaint fails to state a claim upon which relief may be granted. Even if I consider the motion to be a Rule 12(b)(6) motion for failure to state a claim, I find that it must be denied.

In determining whether the complaint states a claim upon which relief can be granted, I am required to accept as true all factual allegations in the complaint, but to give no effect to conclusory allegations of law. *See Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Krentz v. Robertson*, 228 F.3d 897, 905 (8th Cir. 2000). In other words, dismissal is justified only when the allegations of the complaint itself clearly demonstrate that the plaintiff does not have a claim. 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 704 (3d ed. 2004).

In nearly three full pages of closely spaced handwritten text, the complaint recounts detailed allegations regarding medical treatment of the plaintiff by the defendants while the plaintiff was at the Tecumseh State Correctional Institution in Tecumseh, Nebraska. Liberally construed, and taking the allegations in the complaint as true, the complaint states a section 1983 claim for deliberate indifference to medical needs of a person who was then in prison. *See, e.g.*, *Estelle*, 429 U.S. at 102-05. Even if I were to construe the complaint to assert only medical misdiagnosis, medical misdiagnosis may in some instances "so deviate from the applicable standard of care as to evidence a physician's deliberate indifference." *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001).

### *Progression*

I will direct the defendants to file an answer and will direct the clerk of the court to set a corresponding pro se case management deadline. A progression order will be entered approximately thirty days after the last defendant has answered.

For the foregoing reasons,

IT IS ORDERED:

1.      The motion for leave to proceed in forma pauperis (filing 8) is granted. The plaintiff has no further obligation to pay the portion of the filing fee that was incurred when he filed this complaint as a prisoner and remained unpaid at the time of his release from prison;

2.      The motion to dismiss (filing 13) is denied;

3.      The defendants shall file an answer by **September 21, 2007.**

4.      The clerk of the court is directed to set a pro se case management deadline in this case using the following text:  answer deadline expires **September 21, 2007.**

DATED this 20th day of August, 2007.

                             BY THE COURT:


                             *s/Joseph F. Bataillon*
                             United States District Judge