IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THOMAS PETTIS, | ) | 4:06CV3177 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNKNOWN WILLIAMS, Dr., and | ) | |
| MICHELLE UNKNOWN, Asst., | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on Plaintiff's Motion to Appoint Counsel. (Filing No. 24.) In his Motion, Plaintiff seeks the appointment of counsel because he does not "know the law" or the "terminology." (*Id.*) However, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. The request for the appointment of counsel is therefore denied without prejudice.

    Pursuant to the court's previous order, Plaintiff has also updated his address. This matter is therefore ready for a final pretrial conference and to be set for trial.

    IT IS THEREFORE ORDERED that:

    1.    Plaintiff's Motion to Appoint Counsel (filing no. 24) is denied without prejudice.

    2.    The Progression Order in this case is modified as follows:

a. Defense counsel will have the primary responsibility for drafting the Order on Final Pretrial Conference, pursuant to the format and requirements set out in [NECivR 16.2(a)(2)](). Plaintiff will be responsible for cooperating in the preparation and signing of the final version of the Order. The Order should be submitted to Plaintiff and to any other parties by **July 18, 2008.** Plaintiff shall provide additions and/or proposed deletions to Defense counsel by **August 1, 2008.** Defense counsel shall submit the Proposed Order on Final Pretrial Conference to the court by no later than **August 15, 2008.** If a party proposes an addition or deletion which is not agreed to by all the other parties, that fact should be noted in the text of the document. The Proposed Order on Final Pretrial Conference must be signed by all pro se parties and by counsel for all represented parties.

b. The Final Pretrial Conference will be held before Magistrate Judge David L. Piester on **August 21, 2008 at 9:00 a.m.** Prior to the pretrial conference, all items as directed in NECivR 16.2 and full preparation shall have been completed so that trial may begin at any time following the Pretrial Conference.

c. Plaintiff is currently held in an institution, the Nebraska State Penitentiary. Therefore, the final pretrial conference will be held by telephone. Defense counsel shall contact Plaintiff's institution in advance and arrange to initiate and place the conference call.

3. The trial date will be set by Magistrate Judge Piester at the time of the Final Pretrial Conference.

4. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Pretrial conference before Magistrate Judge Piester to be held on August 21, 2008.

June 16, 2008. BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge